IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 07-0047-WS-C |
| | ) | |
| DAVID CLINTON, | ) | CIVIL NO. 09-0701-WS |
| | ) | |
| Petitioner. | ) | |

**ORDER**

This matter comes before the Court on petitioner's Motion for Reconsideration for a Certificate of Appealability Pursuant to Rule 11(a) (doc. 536).

On October 22, 2010, the undersigned entered an Order (doc. 528) denying petitioner David Clinton's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The October 22 Order explained that Clinton's ineffective assistance claims stemmed from a fundamental misunderstanding of federal sentencing procedures and applicable authority. In particular, the overriding thrust of Clinton's argument was that this Court could not impose enhancements for role in the offense or obstruction of justice, or make drug quantity findings, without submitting those questions to the jury, and that his counsel rendered ineffective assistance by not objecting to those determinations. The October 22 Order outlined in some detail why binding precedents and the facts of this case squarely and unequivocally shoot down Clinton's contentions. Conceptually, petitioner seems unwilling to accept the legal reality that a sentencing court may properly consider conduct of which a defendant has been acquitted so long as the Government proves such conduct by a preponderance of the evidence. That is precisely what happened here.

Because petitioner's grounds for § 2255 relief are unambiguously foreclosed by applicable Eleventh Circuit law, the October 22 Order concluded that Clinton was not entitled to a Certificate of Appealability ("COA"). Simply put, jurists of reason would not find it debatable whether his § 2255 petition states valid claims of denial of a constitutional right. *See, e.g., Bell v. Florida Atty Gen.*, 614 F.3d 1230, 1231 (11th Cir. 2010) (reciting legal standard).

Clinton now files a 16-page Motion for Reconsideration of this Court's denial of a COA. As an initial matter, petitioner suggests that this Court should not have denied a COA without first awaiting a formal motion requesting a COA. Applicable rules state otherwise. *See* Rule 11(a), Rules Governing § 2255 Proceedings ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Next, Clinton rehashes failed and patently incorrect arguments that the Court previously rejected in the calculus of whether to issue a COA in the first place. Petitioner states that a COA is warranted because this Court enhanced his sentence beyond the statutory maximum, which is false.[1] He again complains that this Court should not have taken into account acquitted conduct at sentencing, even though the law of this Circuit leaves no doubt that it is entirely proper to do so. Clinton balks that he "should have been entitled to a Guideline sentence" (doc. 536, at 4), but the actual sentence he received was substantially below his calculated Guideline range of life. He says it was error for this Court to make drug quantity findings at sentencing. He is wrong. *See, e.g., Odili v. U.S. Parole Com'n*, 474 F.3d 1255, 1263 (11th Cir. 2007) ("in the context of federal drug cases, drug type and quantity do not have to be charged in the indictment or submitted to the jury for proof beyond a reasonable doubt unless the defendant's sentence exceeds the prescribed statutory maximum") (citation and internal quotation marks omitted); *United States v. Baza*, 383 Fed.Appx. 858, 863 (11th Cir. June 17, 2010) ("*Booker* requires facts to be submitted to a jury and proven beyond a reasonable doubt *only* when those facts are used to increase a defendant's sentence above the statutory maximum sentence."). Clinton again asserts that this Court

---

[1] Clinton's fundamental confusion on this point persists, as he objects that a 20-year sentence "would have ONLY been allowed IF Clinton had the prior convictions to support the statutory maximum or if he had the drug quantity to support the statutory maximum." (Doc. 536, at 4.) But 21 U.S.C. § 841(b)(1)(C) does not require any criminal history or particular drug quantity findings to ratchet the maximum sentence up to 20 years. Rather, the statute reads as follows: "In the case of a controlled substance in schedule I or II, … such person shall be sentenced to a term of imprisonment of not more than 20 years …." *Id.* The jury convicted Clinton of possessing with intent to distribute cocaine, a Schedule II controlled substance. Accordingly, the statutory maximum for Clinton's offenses of conviction was 20 years, without any other necessary fact findings or determinations. Of course, to the extent that Clinton is complaining about Guidelines determinations, rather than statutory maximums, it is black-letter law that in a post-*Booker* world a sentencing court may enhance a sentence (subject to a particular statutory maximum) based on judicial factfinding, so he was not entitled to have those questions submitted to a jury.

sentenced him under a mandatory Guidelines scheme. It did not. And his attorneys could not have rendered constitutionally defective performance (the theory on which his § 2255 petition is predicated) by failing to interpose these objections at sentencing and on direct appeal, given that such arguments are irreconcilable with settled law.

No useful purpose would be served by reproducing the reasoning of the October 22 Order in its entirety. That Order plainly demonstrates that all of Clinton's grounds for § 2255 relief are wholly lacking in merit, and that none of them deserve encouragement to proceed further. Therefore, the Court will not disturb its previous finding that petitioner is not entitled to a COA. This is particularly true given the high threshold of proof and limited utility of motions to reconsider.[2] Rule 11(a) of the Rules Governing § 2255 Proceedings affords Clinton the right to seek a COA from the Court of Appeals. If he wishes to pursue further his patently meritless grounds for relief, then his recourse is to request that the Eleventh Circuit issue him a COA.[3] This Court will not.

Petitioner's Motion for Reconsideration (doc. 536) is **denied**.

DONE and ORDERED this 6th day of December, 2010.

                                             s/ WILLIAM H. STEELE
                                             CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See, e.g., Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.") (citation and internal quotation marks omitted); *Gougler v. Sirius Products, Inc.*, 370 F. Supp.2d 1185, 1189 (S.D. Ala. 2005) ("In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly."); *In re Telfair*, --- F. Supp.2d ----, 2010 WL 4062223, *21 (D.N.J. Oct. 15, 2010) ("mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process").

[3] Clinton's filing of his motion to reconsider does not toll his time for appealing the Order and Judgment in this case. *See* Rule 11(a) ("A motion to reconsider a denial [of a COA] does not extend the time to appeal.").